UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DOUG A. HALL, | ) | |
| Plaintiff, | ) ) | No. C05-02229 BZ |
| v. | ) ) | **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |
| JOANNE B. BARNHART, Commissioner of Social Security | ) ) ) | |
| Defendant. | ) ) | |

Plaintiff Doug A. Hall appeals from a final decision by the Commissioner of Social Security (Commissioner) denying his claim for social security benefits.  Hall applied for disability benefits under Title II of the Social Security Act on May 9, 2003, alleging a disability onset date of May 30, 2001.  After his application was denied, a hearing was held before the Administrative Law Judge (ALJ).  Plaintiff was represented at the hearing by counsel.  The ALJ issued a decision on January 20, 2005, finding that Hall was not disabled and therefore not eligible for disability or

1

1 disability insurance benefits under Sections 216(I) and 223 of
2 the Social Security Act.  Tr. at 23.  Hall appealed that
3 decision to the Social Security Administration Appeals
4 Council.  The Appeals Council considered new evidence
5 submitted by Hall and denied a review of the ALJ's decision.
6 Tr. at 5.  At that point, the ALJ's decision became the final
7 decision of the Commissioner.
8     Hall timely requested judicial review pursuant to 42
9 U.S.C § 405(g), and moved for summary judgment, requesting
10 that the case be remanded to the Commissioner for further
11 consideration of the new evidence provided to the Appeals
12 Council.  In her reply, defendant made a cross-motion for
13 summary judgment.
14     In coming to its conclusion, the Appeals Council
15 considered a Headache Residual Functional Capacity
16 Questionnaire (RFC) from treating neurologist Dr. Ananth
17 Acharya, dated March 25, 2005, which states that Hall is
18 "incapable of even 'low stress' jobs" and includes a prognosis
19 showing that "migraines do sometimes remit spontaneously, but
20 I have tried essentially all currently used medications
21 without success."  Tr. at 168-169.  Nevertheless, the Appeals
22 Council denied Hall's appeal stating that "we considered . . .
23 the additional evidence from Ananth Acharya, M.D. [but] found
24 that this information does not provide a basis for changing
25 the [ALJ's] decision."  Tr. at 5-6.  There is no explanation
26 in the record as to how or why this conclusion was reached.
27     In determining whether to remand a case in light of new
28 evidence, the court examines both whether the new evidence is

material to a disability determination and whether a claimant has shown good cause for having failed to present the new evidence to the ALJ earlier.  Mayes v. Massanari, 276 F.3d 453, 461 (9th Cir. 2001).

For new evidence to be material under section 405(g), it must bear "directly and substantially on the matter in dispute."  Mayes, 276 F.3d at 462; Booz v. Secretary of Health and Human Servs., 734 F.2d 1378 (9th Cir. 1984).  Hall must "additionally demonstrate that there is a 'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing."  Mayes, 276 F.3d at 462.  I find that there is a reasonable possibility that Dr. Acharya's RFC would have changed the outcome of the present case.

In his decision denying Hall disability benefits, the ALJ relied in large part on a neurological consultative examination from Daniel R. Katzenberg, M.D., performed June 8, 2003, at the request of defendant.  Tr. at 114-115.  Dr. Katzenberg diagnosed Hall with post-traumatic migraines which "occur[] on a near daily basis and make it difficult for him to function."  Tr. at 115.  However, Dr. Katzenberg observed that Hall was not on prophylactic or abortive medication at that time, and wrote that he "suspect[ed] that with aggressive medical care the headaches should be controllable. . . . [I]f the headaches are controlled there would be no restrictions to what Mr. Hall can do."  Tr. at 115.  The ALJ relied upon this opinion in his step 3 finding that Hall's impairment did not meet or equal a listing and his step 4 finding that Hall could

3

perform his past relevant work.[1]  Tr. at 18-21.  Dr. Acharya's March 2005 RFC directly conflicts with and calls into question Dr. Katzenberg's findings.  Dr. Acharya's RFC indicates that he had seen Hall "about every four months for [his] migraine[s]" and that his prognosis is "poor" as he has tried "essentially all currently used medications without success."  Tr. at 166, 168.  Dr. Acharya further indicates that Hall is "incapable of even 'low stress' jobs [and] is not reliably able to work most days because of [his] migraines."  Tr. at 169.  Hall began seeing Dr. Acharya, a neurologist, about his post-traumatic migraines in February 2004, two months prior to the ALJ hearing.  The ALJ considered the post-traumatic migraine diagnosis from Dr. Acharya's February 25, 2004 initial consultation with Hall and was aware that Hall was continuing to see Dr. Acharya at the time of the hearing.  Tr. at 194-195.  Clearly the new evidence bears "directly and substantially on the matter in dispute" as it deals specifically with the post-traumatic migraines suffered by Hall prior to the ALJ hearing.  Further, since Dr. Acharya's

---

[1] Following the standard five step process for evaluating Hall's claim (see 20 C.F.R. § 416.920), the ALJ found at step one that Hall had not performed substantially gainful activity since May 20, 2001.  Tr at 17-20.  At step two, the ALJ found that Hall suffered from post-traumatic migraines which are "severe impairments" as defined by the regulations.  At step three, the ALJ found that Hall's migraines do not meet or equal a listed level impairment.  Id. At step four, the ALJ concluded that Hall could perform his past relevant work as a sales representative and sales manager and in the alternative, at step 5, Hall could perform other jobs existing in significant numbers in the national economy.  Tr. at 21  Although a vocational expert was present at the administrative hearing, neither side, nor the ALJ, questioned the expert.

4

1  determinations directly conflict with Dr. Katzenberg's
2  conclusion, relied upon by the ALJ, there is a "reasonable
3  possibility" that this new evidence would change the outcome
4  of the present case.[2]

5  In addition to the materiality requirement, a claimant
6  seeking remand must demonstrate that "there is good cause for
7  the failure to incorporate [the new] evidence into the record
8  in a prior proceeding."  42 U.S.C. § 405(g); Clem v. Sullivan,
9  894 F.2d 328 (9th Cir. 1990).  A claimant does not meet the
10 good cause requirement by merely obtaining a more favorable
11 report once his or her claim has been denied.  Mayes, 276 F.3d
12 at 463.  To demonstrate good cause, the claimant must
13 demonstrate that the new evidence was unavailable earlier.
14 Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985)("If new
15 information surfaces after the Secretary's final decision and
16 the claimant could not have obtained that evidence at the time
17 of the administrative proceeding, the good cause requirement
18 is satisfied.")  The claimant must also establish good cause
19 for not having sought the expert's opinion earlier.  Clem, 894
20 F.2d at 332.

21 The March 25, 2005 RFC, in which Dr. Acharya concluded
22 that Hall is "incapable of even 'low stress' jobs," resulted
23 from the fact that over the course of the prior year, he had

---

[2]  Since I must defer to the fact finder's credibility determination, Acharya's RFC may not alter the ALJ's step 3 analysis.  This new evidence may affect the step 4 and 5 determinations.  Since no vocational expert was called to testify at the ALJ hearing, I cannot surmise what jobs, if any, would be possible for Hall to perform in light of this new evidence.  Remand to the ALJ is therefore necessary.

seen Hall regularly and tried a variety of treatment options. Since Hall began seeing Dr. Acharya only two months prior to the ALJ's hearing, the neurologist could not, at the time of the hearing, have concluded that these drugs would be ineffective on Hall's migraines.[3]  It is undisputed that Dr. Acharya's RFC was created after the ALJ hearing, and even after the ALJ's decision was issued.[4]  Since the RFC was not in existence at the time of the hearing and the diagnosis and prognosis contained within it relate back to the period before the ALJ's decision, I find that the claimant had good cause for not presenting the evidence to the ALJ.

Since I find that Hall has demonstrated that Dr. Acharya's report is new and material to the assessment of his claimed disability and that there was good cause for Hall's not having produced the RFC to the ALJ at the time of the administrative hearing, I need not reach Hall's other arguments.

Accordingly, **IT IS ORDERED** that plaintiff's motion for summary judgment is **GRANTED**, the defendant's cross-motion for

///
///
///
///

---

[3] Notably, however, the ALJ could have requested additional information from Dr. Acharya before a decision was reached since the ALJ was aware that Hall was seeing Dr. Acharya at the time of the hearing.

[4] The RFC is dated March 25, 2005.  The ALJ hearing took place on April 12, 2004 and the ALJ's decision was reached on January 26, 2005.

summary judgment is **DENIED**, and the case is remanded to the Commissioner for consideration of the new evidence.

Dated:  March 13, 2006

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\HALL II\SUM.JUDG.ORDER.wpd